**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-mc-00107-DDD
(D. Utah Civil Action No. 2:22-cv-00215-TS-DAO)

EAGLE VIEW TECHNOLOGIES, INC., and
PICTOMETRY INTERNATIONAL CORP.,

      Plaintiffs,

v.

GAF MATERIALS LLC,

      Defendant.

**FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO**
11/17/2023
**JEFFREY P. COLWELL, CLERK**

---

**NON-PARTY VEXCEL IMAGING US, INC.'S MOTION TO QUASH SUBPOENA
ISSUED BY DEFENDANT GAF MATERIALS LLC**

---

Pursuant to Fed.R.Civ.P. 45(d)(3), Non-Party Vexcel Imaging US, Inc. ("Vexcel") states

the following in support of this motion to quash the subpoena ("Motion") issued by Defendant

GAF Materials LLC ("GAF"):

**<u>D.C.COLO.LCivR7.1 CERTIFICATION</u>**

Vexcel's counsel conferred with GAF's counsel regarding this Motion.  Through

conferral, Vexcel and GAF agreed to extend the deadline to respond to GAF's subpoena to

November 17, 2023.  However, Vexcel and GAF were not able to agree on the substantive issues

raised within this Motion.  GAF opposes this Motion.

**I.      INTRODUCTION**

Plaintiffs, Eagle View Technologies, Inc. and Pictometry International Corp., and GAF

are parties to an action pending before the United States District Court for the District of Utah,

4882-2390-4656

*Eagle View Technologies, et al. v. GAF Materials LLC*, Civil Action No. 2:22-cv-00215-TS-DAO (the "Utah Case").[1]  Vexcel is not a party to that Utah Case, but on October 20, 2023, GAF served Vexcel with a subpoena seeking the production of documents (the "Subpoena," **Exhibit 1**).  On that same day, GAF served Verisk Analytics, Inc. ("Verisk") with a subpoena seeking documents (the "Verisk Subpoena," **Exhibit 2**) identical to those documents the Subpoena seeks from Vexcel.

The Subpoena demands that Vexcel produce sixteen categories of documents.  The majority of document requests implicate Vexcel's highly sensitive commercial information.  The Subpoena includes requests targeted at Vexcel's assessment of its competitive landscape (Request 5); assessment of its competitors (Request 6); product segmentation (Requests 7 and 12); product design and development (Request 8); pricing (Request 9); financial performance (Requests 10 and 11); and internal correspondence related to ongoing contract negotiations with GAF—the party issuing the Subpoena (Request 15).  The Subpoena demands documents that are not in Vexcel's possession, including production of a Settlement Agreement and an Integration Agreement that Vexcel was not a party to (Request 1) and communications relating to those agreements (Requests 2–4, 13).  And the Subpoena seeks documents that are readily accessible via discovery among parties to the Utah Case (Request 16) or that are in Verisk's possession (Requests 2-3, 5-13, and 16).  *Id.  See* Ex. 1 at pp. 7–8.

The Subpoena is wholly unnecessary.  Yet, it seeks documents that Vexcel does not

---

[1] While the underlying litigation is pending in Utah, the Subpoena requires compliance in the State of Colorado.  Thus, Vexcel files this Motion with this District per Fed.R.Civ.P. 45(d)(3) (contemplating motions to quash filed with "the court for the district where compliance is required").

2

possess and tries to force Vexcel to reveal nearly all of its competitive strategy.  The Court should quash the Subpoena in its entirety.

## II.    LEGAL STANDARD

Fed.R.Civ.P. 45(d)(3) permits the Court to quash a subpoena that "subjects a person to undue burden" or requires disclosure of "trade secret or other confidential research, development, or commercial information."  *See Charles Schwab & Co. v. Highwater Wealth Mgmt., LLC*, No. 17-CV-00803-CMA-NYW, 2017 WL 4278494, at *3 (D. Colo. Sep. 27, 2017).  A non-party, who challenges a served subpoena, has the burden of showing that the subpoenas are unduly burdensome or seek confidential commercial information. *Charles Schwab & Co.*, 2017 WL 4278494 at *5 (undue burden); *DISH Network, L.L.C. v. WNET*, No. 13-CV-00832-PAB-KLM, 2014 WL 1628132, at *3 (D. Colo. Apr. 24, 2014) (confidential commercial information).  Once the non-party meets this initial burden, "the burden shifts to the requesting party to show a substantial need for the … material that cannot be otherwise met without undue hardship."  *See DISH Network, L.L.C.*, 2014 WL 1628132, at *4 (citing *In re Subpoena of DJO, LLC*, 2014 WL 197721, at *3 (S.D. Cal. Jan. 15, 2014)).

"A party … must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed.R.Civ.P. 45(d)(1).  While discovery is a valuable tool, it must be wielded judiciously, particularly when a non-party is the target of such discovery.  *See Echostar Commun. Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 396 (D. Colo. 1998) (courts have a duty to ensure discovery from nonparties is "closely regulated"); *Spacecon Speciality Contractors, LLC v. Bensinger*, 2010 WL 3927783, at *3 (D. Colo. Oct. 1, 2010) ("the status of a person or entity as a non-party is a factor which weighs against disclosure.").  Courts are

3

particularly reluctant to require a non-party to provide discovery that can be produced by a party

to the litigation. *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D.

406, 410 (C.D. Cal. 2014) (referencing added protections given to non-parties who are the

subject of discovery or subpoena requests).

### III.    ARGUMENT

#### A.  Requests 5–12 and 14-15 and Topics 5–9 seek highly sensitive commercial information subject to protection under FRCP 45(d)(3)(B)(i)

Subpoena recipients can seek the Court's protection from disclosing "trade secret or other

confidential research, development, or commercial information." Fed.R.Civ.P. 45(d)(3)(B)(i).

Confidential commercial information is generally defined as "important proprietary information

that the non-party has historically sought to maintain [as confidential]." *DISH Network, L.L.C.*,

2014 WL 1628132, at *3 (quoting *DJO, LLC*, 2014 WL 197721, at *3).

In construing what constitutes "confidential commercial information," *DISH Network,

L.L.C.*, 2014 WL 1628132, is instructive. There, a non-party moved to quash subpoenas directed

at its internal business strategies, valuations, financial information, and product assessments. *Id.*

at *3. The non-party argued that the requested documents were subject to protection under

Fed.R.Civ.P. 45(d)(3)(B) because they were proprietary and confidential. This District agreed,

having "no difficulty finding that the information sought [t]here meets the generally-accepted

definitions of confidential commercial information." *Id.* at *4. The Court also found that, since

the underlying case involved parties with whom the non-party either competed or negotiated

with, the production of the requested documents would run the risk of causing "substantial

economic harm" to the non-party's future business positions. *Id.*

Similarly, the Subpoena seeks highly sensitive competitive information, and requires

4

4882-2390-4656

such information be produced in a case involving entities with which Vexcel contracts or otherwise operates within the same competitive market.  For instance, Request 5 seeks *for a period of nearly 12 years*, all documents regarding:

> … Your evaluation, analysis, assessment, and description of the competitive landscape for the sale of rooftop aerial measurement products since January 1, 2012, including Documents relating to Your analysis or identification of actual and potential competitors, Your and Your competitors' market shares, the geographic scope of competition, the robustness of competition, Your and Your competitors' strengths and weaknesses, barriers to entry, and any other competitive dynamics.

The Subpoena defines "Your" to mean <u>Verisk</u>.  Ex. 1, p. 5, ¶ 14.  But assuming GAF meant "Your" to mean Vexcel, Request 5 seeks highly confidential and proprietary business information that would give a competitor an immense advantage in the marketplace.  Setting aside the undue burden of producing all documents of this compound and complex request that is only nominally limited in temporal scope, production of this information would cause substantial economic harm to Vexcel.  This is information that Vexcel has worked diligently to keep confidential, and which implicates its business strategy.  *See DISH Network, L.L.C.*, 2014 WL 1628132, at *4 ("DISH's effort to quash the subpoenas in itself demonstrates its desire to "maintain the confidentiality of the information ...").  Just as this District found "no difficulty" in determining information to be "confidential" in *DISH Network, L.L.C.*, the Court should do the same here.

Request 15 is another problematic request.  It seeks "[a]ll Documents and communications regarding, reflecting, or relating to negotiations with GAF for the sale of, purchase of, or any other commercial transactions relating to, rooftop aerial measurement products."  On its face, Request 15 seeks communications *with the issuing party* regarding ongoing commercial negotiations, rendering it needlessly burdensome to Vexcel.

5

But given the Subpoena's overly broad definitions, it is even worse.  GAF, like all other entities defined by the Subpoena (*see* Ex. 1, pp. 4-6), is defined to include "persons acting on behalf of the foregoing, and its affiliates ... and any other legal entities, whether foreign or domestic…"  *Id.* at 4.  Vexcel is currently negotiating a transaction with a GAF affiliate.  As such, Request 15 also seeks confidential, internal documents relating to negotiations between Vexcel and GAF or its affiliate.  That is, this Request seeks the production of communications related to contract negotiations from a company GAF or its affiliate is directly negotiating with.  This particular request is akin to industrial espionage.  Production of Vexcel's internal discussions regarding its negotiations with a GAF affiliate would cause substantial economic harm.

The remaining Requests Vexcel seeks to quash are similarly transparent attempts to use unrelated litigation to seek confidential information from a non-party:

| No. | Document Requests | |
|---|---|---|
| | **Request** | **Confidential Information Sought** |
| 6 | Documents sufficient to show the entities and products that overlap, compete, potentially overlap, or potentially compete with You and Your rooftop aerial measurement products in each of the construction, government, insurance, solar, and utilities industries since January 1, 2012. | Confidential, non-public information regarding Vexcel's assessment of its competitors, the production of which would cause substantial economic harm. |
| 7 | Documents sufficient to identify and describe the rooftop aerial measurement products developed, sold, or offered for sale by You since January 1, 2012 (including but not limited to any such products offered for sale to GAF, and including but not limited to RealTwiin-branded reports). | Confidential, non-public information regarding Vexcel's assessment of product segmentation, the production of which would cause substantial economic harm. |
| 8 | Documents sufficient to show the design, operation, method of generating, contents, and user interface(s) for the rooftop measurement product that You offered to GAF in the May 2022 timeframe for sale in the U.S. starting in the May 2023 timeframe. | Confidential, non-public information regarding product design and development, the production of which would |

4882-2390-4656

| Document Requests | | |
|---|---|---|
| No. | Request | Confidential Information Sought |
| | | cause substantial economic harm. |
| 9 | Documents sufficient to show the price points at which You have offered rooftop aerial measurement products since January 1, 2012. | Confidential, non-public information regarding pricing, the production of which would cause substantial economic harm. |
| 10 | Documents sufficient to show Your revenue from the sale of rooftop aerial measurement products sold, on a quarterly basis, from January 1, 2012, to the present. | Confidential, non-public information regarding non-party's financial performance, the production of which would cause substantial economic harm. |
| 11 | Documents sufficient to show Your revenue from the sale of survey-grade land survey products derived from aerial imagery or aerial imagery from drones, and the number of such products sold, on a quarterly basis, from January 1, 2012, to the present. | Confidential, non-public information regarding non-party's financial performance, the production of which would cause substantial economic harm. |
| 12 | All documents containing any comparison of any products (including roof measurement reports, exterior roof and/or wall measurements derived from aerial imagery or aerial imagery from drones, and survey-grade land survey products derived from aerial imagery or aerial imagery from drones) made or sold by You to any claim(s) of any patent owned or licensed by one or more of Plaintiffs. | Confidential, non-public information regarding Vexcel's assessment of product segmentation, the production of which would cause substantial economic harm. |
| 14 | All Documents and communications regarding, reflecting, or relating to any analysis of any risk, including the risk of Antitrust-Related Violations, associated with the Settlement Agreement, Integration Agreement, or any other agreements with Plaintiffs. | Confidential, non-public information regarding Vexcel's assessment of business risks, the production of which would cause substantial economic harm. |

Ex. 1 at pp. 7– 8.

Upon a showing of confidentiality, the burden shifts to the party seeking production to

demonstrate "substantial need for the testimony or material that cannot be otherwise met without

undue hardship."  *DISH Network, L.L.C.*, 2014 WL 1628132, at *4 (citing *DJO, LLC*, 2014 WL

4882-2390-4656

197721, at *3). GAF cannot articulate a substantial need for the production of such highly sensitive information in its case because it can seek such information from the Plaintiffs and/or Verisk. In light of Vexcel's non-party status weighing against disclosure, this Court should quash GAF's Subpoenas as to Requests 5–12 and 14-15. *See Spacecon Specialty Contractors, LLC*, 2010 WL 3927783, at *3.

**B. Requests 1-4 and 13-14 seek documents regarding topics of which Vexcel has no knowledge.**

Fed.R.Civ.P. 45(d)(3)(a)(iv) requires that the Court quash a subpoena that is shown to impose an undue burden on the subpoenaed party. *See Charles Schwab & Co., LLC,* 2017 WL 4278494, at *5. Here, Requests 1-4 and 13-14 of the Subpoena relate to agreements and litigation to which Vexcel was not a party and to which Vexcel has no personal knowledge. *See* Ex. 1, pp. 7-8.

These Requests seek documents related to a Settlement Agreement and an Integration Agreement. GAF defines the Settlement Agreement as "the Settlement Agreement entered into and effective as of November 5, 2021" (*Id.*, p. 5) and defines the Integration Agreement as "the Integration Agreement entered into effective November 5, 2021, and produced in this litigation as EV01570805" (*Id.*, p. 4), without attaching these agreements to the Subpoena or listing the parties to them.

Vexcel is not a party to these agreements and has not seen a copy of them because it is not a party to the Utah Case. To state the obvious, Vexcel is not capable of identifying documents that could relate to terms of agreements that Vexcel is not aware of. The information these Requests seek cannot outweigh the burden associated with Vexcel searching for documents

8

related to agreements that it has never seen or been a party to.  The Court should, therefore,

quash Requests 1-4 and 13-14 of the Subpoena.

> **C.  Requests 2-3, 5-13, and 16 seek information discoverable from parties to the Utah Case or Verisk and, thus, are unduly burdensome to Vexcel.**

Lastly, Vexcel seeks protection, under Fed.R.Civ.P. 45(d)(3)(A)(iv), as to Requests 2-3,

5-13 and 16 because they are unduly burdensome.

The Subpoena defines "You" and "Your" as <u>Verisk</u>, not Vexcel.  *Id.*, ¶ 14.  Since

Requests 2-3, 5-13, and 16 incorporate these defined terms, they seek information regarding

Verisk, not Vexcel.  On the same day GAF served the Subpoena on Vexcel, GAF served the

Verisk Subpoena that contain requests for documents identical to those in the Subpoena.  *See* Ex.

1, pp. 7-8 *and* Ex. 2, pp. 7-8.  It is more likely that Verisk, not Vexcel, would possess or control

any documents responsive to Requests 2-3, 5-13 and 16.  Requiring Vexcel to produce

documents more readily available from another entity imposes an undue burden.

Request 16 of the Subpoena also seeks communications between <u>Verisk</u> and one or both

of the plaintiffs in the Utah case.  *See* Ex. 1, p. 8.  GAF could easily obtain such information

from plaintiffs via ordinary Rule 26 party discovery or from Verisk via the Verisk Subpoena.

Request 16 clearly imposes an undue burden on Vexcel since the requested documents are more

readily discoverable from Plaintiffs or Verisk.

Again, Vexcel's status as a non-party weighs against disclosure. *Spacecon Specialty

Contractors, LLC*, 2010 WL 3927783, at *3.  GAF cannot "satisfy a burden of proof heavier than

the ordinary burden imposed by Rule 26," particularly because there are "other available sources

from which the information can be readily obtained." *Id.* at *3, 6.  The Court should quash the

Subpoena as to Requests 2-3, 5-13, and 16.  *See id.* at *6.

9

## IV.    CONCLUSION

The Subpoena calls for production of highly confidential and protected commercial information, imposes an undue burden on Vexcel given that most of the information requested can be more easily obtained from parties to the Utah Case or Verisk, and otherwise seeks information that Vexcel does not have.  For these reasons, Vexcel requests that the Court quash the Subpoena in its entirety.

Dated: November 17, 2023.

Respectfully submitted,

SNELL & WILMER L.L.P.

*/s/ Byeongsook Seo*
Byeongsook Seo
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Telephone:     (303) 634-2000
Facsimile:      (303) 634-2020
Email: byeongsookseo@swlaw.com
***ATTORNEYS FOR NON-PARTY EXCEL IMAGING US, INC.***

10

4882-2390-4656

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2023, the foregoing **NON-PARTY VEXCEL IMAGING US, INC.'S MOTION TO QUASH SUBPOENAS DUCES TECUM ISSUED BY DEFENDANT GAF MATERIALS LLC** was submitted via electronic mail to newcases@cod.uscourts.gov pursuant to Appendix D of the Attorney Civil Case Opening Procedures for the District of Colorado, with service via electronic mail to the following counsel of record in D. Utah Case No. 2:22-cv-00215-TS-DAO:

| | |
|---|---|
| *Counsel for Eagle View Technologies and Pictometry International* | Christina E. Myrold<br>L. Keiran Kieckhefer<br>Lillian J. Mao<br>**GIBSON DUNN & CRUTCHER LLP**<br>555 Mission Street, Suite 3000<br>San Francisco, California 94105<br>cmyrold@gibsondunn.com<br>kkeickhefer@gibsondunn.com<br>lmao@gibsondunn.com<br><br>Stuart M. Rosenberg<br>**GIBSON DUNN & CRUTCHER LLP**<br>310 University Avenue<br>Palo Alto, California 94301<br>srosenberg@gibsondunn.com<br><br>Juliette P. White<br>Sarah Elizabeth Jenkins Dewey<br>**PARSONS BEHLE & LATIMER**<br>201 S. Main Street, Suite 1800<br>P.O. Box 45898<br>Salt Lake City, Utah 84145<br>jwhite@parsonsbehle.com<br>sdewey@parsonsbehle.com |
| *Counsel for GAF Materials LLC* | Abraham A. Tabaie<br>John Neukom<br>Yuqing Cui<br>**DEBEVOISE & PLIMPTON LLP**<br>650 California Street, 31st Floor<br>San Francisco, California 94108<br>aatabaie@debevoise.com<br>jneukom@debevoise.com<br>ycui@debevoise.com |

4882-2390-4656

Edward David Hassi
Leah S. Martin
**DEBEVOISE & PLIMPTON LLP**
801 Pennsylvania Avenue N.W., Suite 500
Washington, DC 20004
thassi@debevoise.com
lmartin@debevoise.com

Kathryn C. Saba
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, New York 10001
ksaba@debevoise.com

Edward L. Tulin
Michael M. Powell
**GISH PLLC**
41 Madison Avenue
New York, New York 10010
edward@gishpllc.com
michael@gishpllc.com

Michael K. Erickson
**RAY QUINNEY & NEBEKER PC**
36 S. State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145
merickson@rqn.com

*/s/ Amy Kovarsky*
For Snell & Wilmer L.L.P.

4882-2390-4656